**State of Vermont**
**Superior Court—Environmental Division**

========================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
========================================================================

**In re Nancy Lewis Revocable Trust Variance**                    **Docket No. 110-6-08 Vtec**
**(Appeal of Pinan)**

Title: Post Judgment Motion for Sanctions and Attorney's Fees (Filing No. 1)

Filed: October 4, 2011

Filed By: Applicant/Appellee Nancy Lewis

Response in Opposition filed on 10/24/2011 by Appellants Paul and Helen Pinan

___ Granted                        _X_ Denied                        ___ Other

Paul and Helen Pinan ("Appellants") originally appealed a May 14, 2008 decision of the Town of Colchester ("the Town") Development Review Board granting a variance for the construction of a residence to Nancy Lewis for the Nancy Lewis Revocable Trust ("Applicant"). On January 12, 2009, Appellants, Applicant, and the Town[1] signed a stipulation to dismiss the appeal. One of the terms of the parties' stipulation allowed Appellants to "reinstate this appeal any time within 45 days of the date of issuance of a permit by the Town of Colchester approving a septic system which is subject to this appeal." This term was included because necessary septic tests were still pending when the stipulation was signed.

Based upon the parties' stipulation, this Court dismissed the appeal on January 12, 2009. Appellants filed their motion to reinstate the appeal on February 18, 2011. This Court denied Appellants' motion to reinstate by a Decision issued April 29, 2011.

Applicant now asks for sanctions and attorney's fees, arguing that Appellants violated Rule 11 of the Vermont Rules of Civil Procedure by filing their motion to reinstate too late. Applicant argues that there was "no legitimate basis" for the motion to reinstate because the stipulation's allotted time period for reinstatement had clearly passed when Appellants filed their reinstatement motion. We ultimately conclude, as described in more detail below, that Applicant misunderstands the type of standards Rule 11 imposes on parties.

Examining our Decision denying the motion to reinstate, our resolution of that motion turned on our interpretation of the stipulation's phrase "issuance of a permit by the Town of Colchester approving a septic system." Applicant argued that the 45-day reinstatement period was triggered by the issuance of a septic permit by the Town on behalf of Vermont Agency of Natural Resources ("ANR"). Appellants argued that the 45-day period was triggered by the later issuance of a building and zoning permit by the Town, since the Town issued the septic permit under authority delegated from ANR. By our April 29, 2011 Decision, we agreed with Applicant and denied Appellants' reinstatement motion.

Turning to the pending motion for sanctions and attorney's fees, we look to the language of Rule 11 for guidance. Rule 11 requires that the representations made to the Court

---

[1] The Town of Colchester was an interested person in the appeal but made no filings related to the pending motion.

by an attorney or unrepresented party meet basic standards for integrity.  If a party violates one of the standards detailed in Rule 11(b), this Court has the authority, and discretion, to impose sanctions under Rule 11(c).  See V.R.E.C.P. 5(a)(2).  After a review of these standards, we understand Applicant to allege that Appellants violated the standards described in either Rule 11(b)(2) or (b)(3).

Examining Rule 11(b)(3) first, that standard prohibits allegations that lack evidentiary support or are not "likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."  In support of their motion to reinstate, Appellants provided the original stipulation, which included the pertinent language addressing reinstitution of the appeal.  This stipulation provides sufficient evidentiary support to meet the standard imposed by Rule 11(b)(3).  While Appellants' reinstatement request was ultimately unsuccessful, the parties' stipulation provided sufficient support for Appellants' contention that they were entitled to reinstate the appeal.  Therefore, we conclude that Appellants have not violated Rule 11(b)(3).

Rule 11(b)(2) requires a party's representations to either be "warranted by existing law" or to present non-frivolous arguments for changing the law.  Here, the key issue presented by Appellants' motion to reinstate was whether Appellants could legitimately claim that the issuance of a building and zoning permit triggered the beginning of the 45-day reinstatement period.  This Court has already ruled that Appellants were required to request reinstatement within 45 days of the Town's issuance of the ANR septic permit, and that delaying their filing for well over a year was unsupportable.  However, we did not then conclude, nor do we now conclude, that Appellants' legal assertions were baseless or frivolous.

As we explained in our April 29, 2011 Decision, 10 V.S.A., Chapter 64 establishes authority in ANR to issue most residential septic permits, but it also allows ANR to delegate its authority to municipalities meeting certain qualifications.  See 10 V.S.A. §§ 1971, 1973, 1976.  The Town is such a municipality, and it issued an ANR septic permit under its delegated authority.  Appellants mistakenly believed that a subsequent municipal permit would be forthcoming.  Likewise, Appellants mistakenly interpreted the stipulation's 45-day reinstatement period to be triggered exclusively by that later municipal permit.  Although we ultimately disagreed with Appellants' interpretation, their arguments were not so fanciful as to violate the standard described in Rule 11(b)(2).

For the reasons stated above, we **DENY** Applicant's motion for sanctions and attorney's fees.  Appellants' actions in filing their motion to reinstate do not violate the standards established in Rule 11(b).  Further, we find no other reason presented in Applicant's motion upon which to award her attorney's fees.

_____           _____December 14, 2011_____ _
Thomas S. Durkin, Judge                                                              Date
================================================================

Date copies sent to: _____                                    Clerk's Initials _____
Copies sent to:
   Attorney Matthew Daly for Appellants Paul and Helen Pinan
   Attorney Edward Fitzpatrick for Applicant/Appellee Nancy Lewis
   Attorney Annie Dwight for the Interested Person Town of Colchester